[Sac. No. 841. Department Two.—January 9, 1902.]

## MANUEL DUTRA, Respondent, v. MANUEL PEREIRA, Appellant.

EJECTMENT—DESCRIPTION OF LAND IN JUDGMENT—ASCERTAINED BOUNDARIES—ESTIMATED QUANTITY—SURPLUSAGE.—A judgment in ejectment which describes the land recovered as ''bounded on the north by the north boundary'' of the south half of a specified quarter-section, ''on the east by the east boundary thereof, and on the south and west by the fence of the defendant, containing about 10.62 acres,'' is not to be construed as limiting the land recovered to that quantity, and the defendant cannot remove his fence so as to relinquish the possession of 10.62 acres only. The boundaries being fixed by ascertained monuments, the words ''about 10.62 acres'' may be rejected as surplusage; and the plaintiff is entitled to the possession of all of the land within the boundaries described, which are paramount to the estimated quantity of surface.

ID.—ALIAS WRIT OF POSSESSION—EVIDENCE—TESTIMONY OF SURVEYOR. —Where it appeared that after a writ of possession was issued, and the plaintiff was put in possession of the property recovered in the action of ejectment, the defendant moved his fence so as to include part of the land recovered, and to confine plaintiff's possession to the estimated quantity of acres, upon an application of the plaintiff for an alias writ of possession, the testimony of a surveyor who had been a witness in the original trial as to another survey made by him, showing that the defendant had re-entered into the possession of and inclosed part of the lands described by the boundary lines of the original judgment was admissible.

APPEAL from an order of the Superior Court of Siskiyou County directing the issuance of an alias writ of possession. J. S. Beard, Judge.

The facts are stated in the opinion.

J. H. Magoffey, for Appellant.

L. F. Coburn, and O'Neill & Butler, for Respondent.

COOPER, C.—This is an appeal from an order directing an alias writ of possession to issue, under section 1210 of the Code of Civil Procedure. The facts are substantially as follows:—

On the sixteenth day of April, 1898, the plaintiff recovered a judgment in ejectment against defendant for the recovery

of the possession of land "Bounded on the north by the north boundary of the S. ½ of the N.E. ¼ of Sec. 32, T. 44 N., R. 8 W., M. D. M., on the east by the east boundary thereof, and on the south and west by the fence of defendant, containing *about* 10.62 acres." This judgment has become final. A writ of possession was issued, and plaintiff was thereunder, by the sheriff, placed in possession of the property. The defendant then removed his fence so as to relinquish possession to 10.62 acres, being the number of acres mentioned in the judgment, but did not place his fence on the north boundary line of said land, but some five or six chains south thereof, thus again assuming possession of a portion of the land which had been adjudged to belong to plaintiff. Defendant does not claim that he placed his fence on the north boundary line of the said south half of northeast quarter of section 32, but that, under the original judgment and decree, he was only to relinquish possession of 10.62 acres. We do not so construe the judgment. It was found and adjudged that plaintiff was the owner and entitled to the possession of the south half of the northeast quarter of section 32. The land in possession of defendant was described, and the words "about 10.62 acres" may be rejected as surplusage. The findings and decree plainly show that it was the intention to give plaintiff a judgment for all the land up to the north boundary of said south half of the northeast quarter of section 32. "Where there are certain definite and ascertained particulars in the description, the addition of others which are indefinite, unknown, or false does not frustrate the conveyance, but it is to be construed by the first-mentioned particulars. When permanent and visible or ascertained boundaries or monuments are inconsistent with the measurement, either of lines, angles, or surfaces, the boundaries or monuments are paramount." (Code Civ. Proc., sec. 2077.)

The court, on the hearing of this proceeding, under defendant's objection, admitted the testimony of one Mitchell, the surveyor, who had been a witness in the original trial. It is claimed that the court erred in admitting this testimony, for the reason that Mitchell had made another survey since the trial of the original case, and that the findings and judgment in the original case did not require any additional survey to

be made. We think the evidence was competent. It was directed to the question as to the boundary line of the lands of plaintiff on the north, as in the original judgment, and as to whether or not defendant had re-entered into possession of any portion of the plaintiff's lands as described in said judgment. The court could not determine the question without evidence. It was not required to go upon the land and examine or survey it. No one had better opportunities to know the facts than the surveyor who made the survey and plats upon which the original judgment was entered. The court did not in this proceeding change nor modify the original finding, that under the original decree the plaintiff is entitled to the possession of all the south half of the northeast quarter of said section 32. It found that defendant has still in his possession, and inclosed, a part of the said land particularly described in the findings and order herein. This description was ordered to be in the alias writ, and the sheriff, by the writ, was directed to place plaintiff again in possession of the lands on which defendant had re-entered. The land so described was not outside of, nor in addition to, that described in the original judgment. On the contrary, it was a description of that part of the plaintiff's land still in possession of defendant.

The order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., Temple, J., McFarland, J.